UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

ROBIN ROBERTSON,
     Plaintiff,

 -vs-

PINNACLE ASSET GROUP, LLC,
REGENCY PARTNERS, LLC,
DIRECT CAPITAL ASSOCIATES, LLC,
PRG & ASSOCIATES, LLC,
JOHN DOES 1-3 and
JANE DOE,
     Defendants.

Case No.
Hon.
**DEMAND FOR JURY TRIAL**

## COMPLAINT & JURY DEMAND

*Robin Robertson states the following claims for relief:*

### Jurisdiction

1.    This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. §§ 1331, 1337.

2.    This Court may exercise supplemental jurisdiction over the related state-law claims arising out of the same nucleus of operative facts which give rise to the federal-law claims.

### Parties

3.    The Plaintiff to this lawsuit is Robin Robertson, who resides in Wayne County, Michigan.

4.     The Defendants to this lawsuit are as follows:

     a.     Pinnacle Asset Group, LLC ("Pinnacle") which is a foreign limited liability company doing business in Michigan.

     b.     Regency Partners, LLC ("Regency"), which is a foreign limited liability company doing business in Michigan.

     c.     Direct Capital Associates, LLC ("Direct Capital"), which is a foreign limited liability company doing business in Michigan.

     d.     PRG & Associates, LLC ("PRG"), which is a foreign limited liability company doing business in Michigan.

     e.     John Doe 1 ("Jonathan"), who identified himself to Ms. Robertson as "Jonathan" and who is a debt collector for Pinnacle.

     f.     John Doe 2 ("Mr. Lopez" and/or "Mr. Gilbert"), who identified himself to Ms. Roberston variously as "Omar Lopez" and "Dennis Gilbert" and who is a debt collector for Direct Capital.

     g.     John Doe 3 ("Mr. Marks"), who identified himself to Ms. Roberston as "Paul Marks" and who is a debt collector for Direct Capital.

     h.     Jane Doe, who identified herself to Ms. Robertson as "Karen Atwater" and who is a debt collector for PRG.

2

## **Venue**

5.    The transactions and occurrences which give rise to this action occurred in

Wayne County.

6.    Venue is proper in the Eastern District of Michigan.

## **General Allegations as to Pinnacle**

7.    Some time prior to January 30, 2015, Pinnacle was engaged to collect a debt

allegedly owed by Robin Robertson.

8.    Alternatively, some time prior to January 30, 2015, Pinnacle purchased a debt

allegedly owed by Robin Robertson.

9.    On or about January 30, 2015, Pinnacle communicated with Robin Robertson

for the first time.

10.    That first communication was a telephone call by John Doe 1, who identified

himself to Ms. Robertson as "Jonathan" and who called Ms. Robertson on

behalf of PRG to collect an alleged debt from Ms. Robertson.

11.    Since January 30, 2015, Jonathan called Ms. Robertson on at least four other

occasions to collect the alleged debt.

12.    Each call by Jonathan was a prerecorded message to Ms. Robertson.

13.    Ms. Robertson does not owe the alleged debt that Pinnacle sought to collect.

14.    Ms. Robertson never received any written statement from Pinnacle containing

3

each of the following:

a.     the amount of the alleged debt;

b.     the name of the creditor to whom the alleged debt is owed;

c.     a statement that, unless Ms. Robertson disputed the debt within thirty days of receiving the written statement, Pinnacle would assume the debt to be valid;

d.     a statement that, if Ms. Robertson disputed the debt in writing within thirty days of receiving the written statement, Pinnacle would obtain verification of the debt and mail the verification to Ms. Robertson; and

e.     a statement that, upon Ms. Robertson's written request within thirty days of receiving the written statement, Pinnacle would provide the name of the original creditor, if different than the current creditor.

## General Allegations as to Regency

15.   Some time prior to January 27, 2015, Regency was engaged to collect a debt allegedly owed by Ms. Robertson.

16.   Alternatively, some time prior to January 27, 2015, Regency purchased a debt allegedly owed by Ms. Robertson.

17.   On or about January 27, 2015, a representative of Regency telephoned both Ms. Robertson's husband and Ms. Robertson's daughter for the first time.

4

18.   During Regency's telephone call to Ms. Robertson's husband on or about January 27, 2015, a prerecorded message stated that Regency would be filing a complaint against him.

19.   Since the January 27, 2015 telephone call, Ms. Robertson's husband received at least one other telephone calls from Regency that was virtually identical to the January 27, 2015 telephone call.

20.   During Regency's telephone call to Ms. Robertson's daughter on or about January 27, 2015, a prerecorded message stated that there was a "complaint in our office that requires immediate attention, press '1'".

21.   Since the January 27, 2015 telephone call, Ms. Robertson's daughter received at least three other telephone calls from Regency that were virtually identical to the January 27, 2015 telephone call.

22.   Each of the telephone calls made by Regency to Ms. Robertson's husband and Ms. Robertson's daughter was made to their respective cell phones.

23.   Ms. Robertson does not owe the alleged debt that Regency sought to collect.

24.   As of the date of this complaint, Ms. Robertson has never received any written statement from Regency containing each of the following:

   a.   the amount of the alleged debt;

   b.   the name of the creditor to whom the alleged debt is owed;

5

c.      a statement that, unless Ms. Robertson disputed the debt within thirty days of receiving the written statement, Regency would assume the debt to be valid;

d.      a statement that, if Ms. Robertson disputed the debt in writing within thirty days of receiving the written statement, Regency would obtain verification of the debt and mail the verification to Ms. Robertson; and

e.      a statement that, upon Ms. Robertson's written request within thirty days of receiving the written statement, Regency would provide the name of the original creditor, if different than the current creditor.

### General Allegations as to Direct Capital

25.    Some time prior to November 7, 2014, Direct Capital was engaged to collect a debt allegedly owed by Ms. Robertson.

26.    Alternatively, some time prior to November 7, 2014, Direct Capital purchased a debt allegedly owed by Ms. Robertson.

27.    On or about November 7, 2014, Direct Capital communicated with Ms. Robertson for the first time.

28.    That first communication was a telephone call by Direct Capital to collect an alleged debt from Ms. Robertson.

29.    On November 20, 2014, Mr. Lopez stated that he was calling from the "State

6

Official's Office" and stated that he would dispatch a uniformed officer to Ms. Robertson's home or place of employment to serve a "body attachment" upon her.

30. Upon information and belief, John Doe 2 uses "Omar Lopez" as a fictitious name in connection with his work with Direct Capital.

31. On or about December 18, 2014, Mr. Gilbert called Ms. Robertson on behalf of Direct Capital to collect an alleged debt.

32. During the December 18, 2014 call, Mr. Gilbert threatened to serve legal paperwork upon Ms. Robertson at her place of employment or last known address.

33. Upon information and belief, John Doe 2 uses "Dennis Gilbert" as a fictitious name in connection with his work with Direct Capital.

34. Upon information and belief, "Dennis Gilbert" and Omar Lopez" are the same person.

35. On or about March 9, 2015, Mr. Marks called Ms. Robertson's husband on behalf of Direct Capital to collect an alleged debt from Ms. Robertson.

36. During the telephone call, Mr. Marks said Direct Capital was processing a fraud claim against Mr. Robertson for writing a bad check to repay a payday loan.

7

37.  Ms. Robertson's husband informed Mr. Marks that Ms. Robertson was a victim of identity theft and that she does not owe the payday loan.

38.  Ms. Robertson does not owe any alleged debt that Direct Capital sought to collect from her.

39.  As of the date of this complaint, Ms. Robertson has never received any written statement from Direct Capital containing each of the following:

    a.  the amount of the alleged debt;

    b.  the name of the creditor to whom the alleged debt is owed;

    c.  a statement that, unless Ms. Robertson disputed the debt within thirty days of receiving the written statement, PRG would assume the debt to be valid;

    d.  a statement that, if Ms. Robertson disputed the debt in writing within thirty days of receiving the written statement, PRG would obtain verification of the debt and mail the verification to Ms. Robertson; and

    e.  a statement that, upon Ms. Robertson's written request within thirty days of receiving the written statement, PRG would provide the name of the original creditor, if different than the current creditor.

## General Allegations as to PRG

40.  Some time prior to September 30, 2014, PRG was engaged to collect a debt

8

allegedly owed by Ms. Robertson.

41.   Alternatively, some time prior to September 30, 2014, PRG purchased a debt allegedly owed by Ms. Robertson.

42.   On or about September 30, 2014, PRG communicated with Ms. Robertson for the first time.

43.   That first communication was a telephone call by Ms. Doe, who identified herself to Ms. Robertson as "Karen Atwater" and who called Ms. Robertson on behalf of PRG to collect an alleged debt from Ms. Robertson.

44.   Ms. Robertson does not owe the alleged debt that PRG sought to collect from her.

45.   As of the date of this complaint, Ms. Robertson has never received any written statement from PRG containing each of the following:

a.     the amount of the alleged debt;

b.     the name of the creditor to whom the alleged debt is owed;

c.     a statement that, unless Mr. Cursi disputed the debt within thirty days of receiving the written statement, NCB would assume the debt to be valid;

d.     a statement that, if Mr. Cursi disputed the debt in writing within thirty days of receiving the written statement, that NCB would obtain verification of the debt and mail the verification to Mr. Cursi; and

9

e.     a statement that, upon Mr. Cursi's written request within thirty days of receiving the written statement, NCB would provide the name of the original creditor, if different than the current creditor.

### COUNT I – FDCPA, 15 U.S.C. § 1692 *et seq.* (All Defendants)

46.   Ms. Robertson incorporates the preceding allegations by reference.

47.   At all relevant times, each defendant – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

48.   Each defendants is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

49.   At all times relevant to this complaint, each defendant sought to collect a "consumer" debt from Ms.  Robertson.

50.   Each defendant's actions to collect an alleged debt from Ms. Robertson violated the provisions of the FDCPA including, but not limited to, the following: 15 U.S.C. §§ 1692c; 1692d; 1692e; 1692f and 1692g.

51.   Ms. Robertson suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code, as alternative to claims under the Michigan Collection Practices Act (All Defendants)

52.   Ms. Robertson incorporates the preceding allegations by reference.

10

53.    Each defendant is a "collection agency" as that term is defined in the Michigan

Occupational Code ("MOC"), M.C.L. § 339.901(b).

54.    Ms. Robertson is a debtor as that term is defined in M.C.L. § 339.901(f).

55.    Each defendant's actions to collect from Ms. Robertson violated the MOC,

including, but not limited to, the following: M.C.L. §§ 339.915 and 339.918.

56.    Ms. Robertson suffered damages as a result of these violations of the MOC.

57.    These violations of the MOC were willful.

## COUNT III – Michigan Collection Practices Act, as alternative to claims under the Michigan Occupational Code (All Defendants)

58.    Ms. Robertson incorporates the preceding allegations by reference.

59.    Each defendant is a "regulated person" under the Michigan Collection

Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

60.    Each defendant's actions to collect from Ms. Robertson violated the MCPA,

including, but not limited to, the following: M.C.L. § 445.252.

61.    Ms. Robertson suffered damages as a result of these violations of the MCPA.

62.    These violations of the MCPA were willful.

## Demand for Jury Trial

63.    Plaintiff demands trial by jury in this action.

11

## Demand For Judgment for Relief

64.     *Accordingly, Ms. Robertson requests that the Court grant:*

a.      *Actual damages for items including emotional distress, mental anguish,*

*frustration, humiliation, and embarrassment.*

b.      *Statutory damages.*

c.      *Treble damages.*

d.      *Statutory costs and attorney fees.*


Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By: /s/ Carl Schwartz
Carl Schwartz (P-70335)
Attorney for Robin Robertson
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Carl@MichiganConsumerLaw.Com

Dated: September 30, 2015