UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

ROBIN ROBERTSON,
    Plaintiff,

 -vs-                                  Case No. 2:15-cv-13446
                                       Hon. Avern Cohn
                                       Mag. Judge: Mona K. Majzoub

PINNACLE ASSET GROUP, LLC, *et al.*
    Defendants.

**<u>PLAINTIFF'S MOTION TO EXTEND THE TIME TO SERVE
DEFENDANTS AND TO OPEN DISCOVERY</u>**

    Ms. Robertson moves to extend the time to serve Regency Partners, LLC, PRG & Associates, LLC, John Does 1, 2 and 5, and Jane Doe 1 for an additional 90 days and to open discovery to allow Ms. Robertson to obtain information about these defendants so that she may serve them.

    Ms. Robertson relies on her brief in support of her motion.

                                       Respectfully Submitted,

                                       LYNGKLIP & ASSOCIATES
                                       CONSUMER LAW CENTER, PLC

                                       <u>By: /s/ Carl Schwartz             </u>
                                       Carl Schwartz (P-70335)
                                       Attorney for Robin Robertson
                                       24500 Northwestern Highway, Ste. 206
                                       Southfield, MI 48075
                                       (248) 208-8864
                                       Carl@MichiganConsumerLaw.Com

Dated: January 28, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

ROBIN ROBERTSON,
    Plaintiff,

 -vs-                                 Case No. 2:15-cv-13446
                                     Hon. Avern Cohn
                                     Mag. Judge: Mona K. Majzoub

PINNACLE ASSET GROUP, LLC, *et al.*
    Defendants.

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND THE TIME TO SERVE DEFENDANTS AND TO OPEN DISCOVERY

## Issues Presented by Motion

    1.    *Whether the time to serve Regency Partners, LLC, PRG & Associates, LLC, John Does 1, 2 and 5, and Jane Doe 1 should be extended for an additional 90 days.*

    2.    *Whether discovery should be permitted for the limited purpose of identifying and locating Regency Partners, LLC, PRG & Associates, LLC, John Does 1, 2 and 5, and Jane Doe 1 so that they may be served.*

# Most Appropriate Authority

## Rules

Fed. R. Civ. P. 4

Fed. R. Civ. P. 26

## Cases

*Arista Records, LLC v. Does 1–15*, 2007 WL 5254326 (S.D. Ohio May 17, 2007)

*Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239 (S.D.N.Y. 2012)

*Dorrah v. United States*, 282 F.R.D. 442 (N.D. Iowa 2012)

*Monsanto Co. v. Woods*, 250 F.R.D. 411 (E.D. Mo. 2008)

*Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 2008 WL 927558 (M.D. Fla. April 4, 2008)

*Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418 (D. Colo. 2003)

*Riding Films, Inc. v. John Does I–CCL*, 2013 WL 2152552 (D. Ariz. May 16, 2013)

*TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692 (S.D. Fla. 2004)

*Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999)

**Introduction**

Ms. Robertson is a victim of identity theft and was contacted by numerous debt collectors to collect alleged debts that did not belong to her. She has attempted diligently to unravel the identities of those debt-collectors, including the defendants to this action. Most of the defendants have used aliases, failed to register to do business in the State of Michigan, and failed to identify agents for service of process. Consequently, Ms. Robertson has experienced difficulty serving the defendants and has been unable to serve Regency Partners, LLC ("Regency"), PRG & Associates, LLC ("PRG"), and the Doe defendants.

However, Ms. Robertson believes that she could serve these defendants if this Court permits her to conduct discovery limited to that purpose. Therefore, Ms. Robertson requests this Court to extend the summonses for Regency and PRG for an additional 90 days, to extend the time to serve the Doe defendants (for whom summonses have not been issued) for an additional 90 days, and to permit her to conduct discovery for the limited purpose of identifying and locating these defendants so that they may be served.

**Background**

On September 30, 2015, Ms. Robertson filed the Complaint, which named Regency, PRG, Pinnacle Asset Group, Inc. ("Pinnacle"), Direct Capital Associates,

3

LLC ("Direct Capital"), and several "Doe" defendants[1] (collectively, "the Doe defendants") as defendants. (R. 1.) On the same day, this Court issued summonses for the non-Doe defendants. (R. 2.) Those summonses will expire on January 28, 2016. Fed. R. Civ. P. 4(m).[2] As of the date of this motion, Ms. Robertson has been unable to serve Regency, PRG or the Doe defendants.

**1.    Regency**

Ms. Robertson has unsuccessfully attempted to serve Regency. (See the "Affidavit of Due Diligence," attached as Exhibit 2, and the Declaration of Laura Branco as to Regency, attached as Exhibit 3.) Ms. Robertson attempted to serve Regency at the address it provided to the New York Department of State as the address at which it will receive service of process from the Department of State. (Exhibits 2 and 3; see also the NY Department of State Entity Information for Regency, attached as Exhibit 4.) Ms. Robertson also found a registered agent for Regency on file with the State of Delaware. (Exhibit 3; see also the State of

---

[1] On November 20, 2015, Ms. Robertson filed an amended complaint. The individuals identified in the original complaint as John Does 1-3 are identified in the amended complaint as John Does 1, 2 and 5, respectively. The individual identified in the original complaint as Jane Doe is identified in the amended complaint as Jane Doe 1. For the purposes of this motion, Ms. Robertson will refer to these defendants individually as they are identified in the amended complaint.

[2] When the summonses were issued, Rule 4(m) permitted 120 days for service of process.

Delaware Entity Details for Regency, attached as Exhibit 5.) However, upon inquiry, the registered agent stated that it was no longer the registered agent for Regency and could not accept service of process for Regency. (Exhibit 3.)

Ms. Robertson knows the telephone number that Regency used to call her to attempt to collect the alleged debt that does not belong to her and knows the service provider for that telephone number. If this Court permits Ms. Robertson to conduct discovery (in the form of a subpoena to the telephone service provider for that telephone number), Ms. Robertson believes that she will be able to identify, locate and serve Regency.

**2.    PRG**

Despite extensive research, including research of multiple state databases of corporate filings and other internet research, Ms. Robertson could not find PRG to complete service of process. (See the Declaration of Laura Branco as to PRG, attached as Exhibit 6.)

Ms. Robertson knows the telephone number that PRG used to call her to attempt to collect the alleged debt that does not belong to her and knows the service provider for that telephone number. If this Court permits Ms. Robertson to conduct discovery (in the form of a subpoena to the telephone service provider for that telephone number), Ms. Robertson believes that she will be able to identify, locate

5

and serve PRG.

**3.     The Doe Defendants**

John Does 1, 2 and 5 are employees and/or agents of Direct Capital.  (R. 1, ¶ 4.e - 4.g.)  Direct Capital has been served with the lawsuit.  Ms. Robertson believes that depositions and/or discovery requests directed to Direct Capital would yield the identities and location information of John Does 1, 2 and 5.

Jane Doe 1 is a debt collector for PRG.  (R. 1, ¶ 4.h.)  Once PRG is served, Ms. Robertson believes that depositions and/or discovery requests directed to PRG would yield the true identity and location information for Jane Doe.

## Law & Argument

**1.     The time to serve Regency, PRG and the Doe defendants should be extended.**

At the time Ms. Robertson filed the complaint, Fed. R. Civ. P. 4(m) required service of process to be completed within 120 days after the filing of the complaint.  However, upon a showing of good cause for the failure to complete service, "the court *must* extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m) (emphasis added).  Furthermore, even if this Court determines that good cause has not been shown, this Court may "order that service be made within a specified time."  *Id*.

6

"The determination of good cause under Rule 4(m) is a discretionary determination entrusted to the district court." *Tillman v. Huss*, No. 1:13-cv-297, 2014 WL 4987717, at *4 (W.D. Mich. Sept. 24, 2014) (citation omitted). "[A] court has discretion to extend the time for service under Rule 4(m) even without a finding of good cause." *In re Casab*, No. 14-12270, 2015 WL 753365, at *3 (E.D. Mich. Feb. 23, 2015). "The current Fed. R. Civ. P. 4(m) permits the court to extend the time for service as an alternative to dismissal of an action without prejudice. No requirement for a showing of good cause now limits the court's discretion." *Whitaker v. Stamping*, 302 F.R.D. 138, 145 (E.D. Mich. 2014) (citation omitted).

a. **Regency**

In this case, good cause exists for Ms. Robertson's inability to serve Regency. Ms. Robertson attempted to serve Regency at the address at which it identified to the State of New York as the address at which it would receive service of process from the State of New York. (Exhibits 2-4.) Other than that address, Regency provided no resident agent information to the State of New York. (Exhibit 4.) In addition, Ms. Robertson sought to serve Regency's registered agent on file with the State of Delaware. (Exhibits 3 and 5.) However, when Ms. Robertson's counsel inquired about service to the registered agent, the registered agent stated that it no longer was the registered agent for Regency and could not accept service of process for Regency.

7

(Exhibit 3.)

Ms. Robertson has shown good cause to obtain an extension of the summons for Regency and believes that she can complete service of process upon Regency if given additional time to do so. Therefore, Ms. Robertson requests this Court to grant an extension of the summons for Regency by 90 days.

    **b.**     <u>**PRG**</u>

Good cause also exists for Ms. Robertson's inability to serve PRG. Ms. Robertson's counsel conducted extensive research as to PRG, but has been unable to obtain identification or location information for PRG to allow for service of process. (Exhibit 3.) If Ms. Robertson is permitted to conduct discovery to obtain that information and if the summons is extended by 90 days, Ms. Robertson believes that she can complete service of process upon PRG. Therefore, Ms. Robertson requests this Court to grant an extension of the summons for PRG by 90 days.

    **c.**     <u>**The Doe defendants**</u>

Good cause also exists for Ms. Robertson's failure to serve the Doe defendants. Without discovery, Ms. Robertson cannot identify the Doe defendants to be able to serve them. However, as discussed above, Ms. Robertson believes that she will be able to serve each of them if this Court permits her to conduct limited discovery of the entities that employ them – Direct Capital for John Does 1, 2 and 5, and PRG for

Jane Doe 1. Therefore, Ms. Robertson requests this Court to extend the time to serve the Doe defendants by 90 days.

**2.     Ms. Robertson should be permitted to conduct discovery to obtain identification and location information for Regency, PRG and the Doe defendants.**

Fed. R. Civ. P. 26(d)(1) authorizes the Court to permit discovery prior to the Rule 26(f) conference for good cause. *Arista Records, LLC v. Does 1–15*, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo.2003); *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 2008 WL 927558 *1 (M.D. Fla. April 4, 2008); *Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012); *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); *TracFone Wireless, Inc. v. Holden Property Services, LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2004). In this context, good cause exists if discovery is needed to identify a defendant so that the plaintiff may serve process and the case can proceed. *Digital Sin*, 279 F.R.D. at 242.

In determining whether to permit the discovery, the Court may consider whether the plaintiff:

> (1) can identify the missing party with sufficient specificity that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) has identified all previous steps taken to locate the elusive defendant; (3) suit against the defendant could withstand a motion to dismiss; and (4) has demonstrated that there is a

>reasonable likelihood of being able to identify the defendant through the requested discovery, thus allowing for service of process.

*Riding Films, Inc. v. John Does I–CCL*, 2013 WL 2152552 (D. Ariz. May 16, 2013) (internal citations omitted). *See also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (finding that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

Here, good cause exists to permit discovery for the limited purpose of obtaining identification and location information for Regency, PRG and the Doe Defendants. As discussed above, such discovery is needed for Ms. Robertson to identify them and to serve them. *Digital Sin, supra*. Ms. Robertson should be able to obtain identification and location information for Regency and PRG through subpoenas to the telephone service providers for the telephone numbers that Regency and PRG used to contact Ms. Robertson. In addition, Pinnacle should have the information necessary to identify the Doe defendants that are employees and/or agents of Pinnacle. Once PRG is served, PRG should have the information necessary to identify the Doe defendant that is an employee and/or agent of PRG. Therefore, Ms. Robertson should be permitted to conduct discovery for the purpose of acquiring

identification and location information for Regency, PRG and the Doe defendants so that they may be served.

## Conclusion

For the foregoing reasons, Ms. Robertson requests this Court to (1) extend the summonses for Regency, PRG and the Doe defendants for an additional 90 days and (2) permit Ms. Robertson to conduct limited discovery for the purpose of obtaining identification and location information of Regency, PRG and the Doe defendants so that they may be served.

                      Respectfully Submitted,

                      LYNGKLIP & ASSOCIATES
                      CONSUMER LAW CENTER, PLC

                      By: /s/ Carl Schwartz
                      Carl Schwartz (P-70335)
                      Attorney for Robin Robertson
                      24500 Northwestern Highway, Ste. 206
                      Southfield, MI 48075
                      (248) 208-8864
                      Carl@MichiganConsumerLaw.Com

Dated: January 28, 2016

## Certificate of Service

I, Carl Schwartz, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                Respectfully Submitted,

                LYNGKLIP & ASSOCIATES
                CONSUMER LAW CENTER, PLC

                By: /s/ Carl Schwartz
                Carl Schwartz (P-70335)
                Attorney for Robin Robertson
                24500 Northwestern Highway, Ste. 206
                Southfield, MI 48075
                (248) 208-8864
                Carl@MichiganConsumerLaw.Com

Dated: January 28, 2016