UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN ROBERTSON,

    Plaintiff,

v.                                                                                          Case No. 15-13446

PINNACLE ASSET GROUP, LLC.,                                          HON. AVERN COHN

    Defendants.
_____/

# MEMORANDUM AND ORDER
# GRANTING PLAINTIFF'S SECOND AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. 89)

I. Introduction

This is a case under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692. In 2015, plaintiff sued multiple defendants claiming violations of the FDCPA and Michigan's Occupational Code (MOC), M.C.L. §§339.915. Due to difficulties in serving many of the defendants, summons were extended. Eventually, plaintiff has dismissed all but ten (10) defendants either voluntarily or by settlement.[1] All of the 10 defendants were served. None responded. The Clerk entered defaults against each of the 10 defendants. Plaintiff now moves for entry of a final judgment by default against

---

[1]Voluntarily Dismissed parties: Emmett Michael White; Regency Partners, LLC; Trevore M Outlaw, SR; Paula Green; PRG & Associates, LLC; Paul Marks; William Nelson; Jeff Lenart; Lillian Roman; Omar Lopez; Dennis Gilbert; Sam Letizia; Karen Atwater and Johnathan Doe. See Docs. 47, 57, and 73. Plaintiff states she will also dismiss Direct Capital Associates, LLC.
    Settled parties: Thaddeus Wier. See Doc. 67(Notice of Settlement) and Doc. 72 (Stipulated Order of Dismissal), and Channer LLC and Jerome Davis. See Doc. 88 (Notice of Settlement) and Doc. 90 (Notice of Withdrawal of Motion to Set Aside Default).

the 10 defendants.

Before the Court is plaintiff's second amended motion for entry of a default judgment.[2] Plaintiff seeks a default judgment in the amount of $201,000.00 plus costs and attorney fees (attorney fees will be moved for separately). For the reasons that follow, the motion will be granted.

II. Background

A. Procedural

Plaintiff filed this action on September 30, 2015. (Doc. 1). She filed First Amended Complaint on November 18, 2015 (Doc. 3), and a Second Amended Complaint on May 22, 2017 (Doc. 16), each time adding defendants. Plaintiff seeks: (1) actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment; (2) statutory damages; (3) exemplary damages under Michigan law; and (4) statutory costs and attorney fees.

The remaining defendants are: (1) High Point Asset Inc., (2) Focus Financial Corp., (3) Keon Roman, (4) Felicia Thomas,[3] (5) Pinnacle Asset Group, LLC, (6) Michael Mancome,[4] (7) Collectors Group, (8) Consumer Financial Solutions, (9) Michael

---

[2] Plaintiff filed a motion for default judgment (Doc. 74) and an amended motion for default judgment (Doc. 78). These motions were not adjudicated because plaintiff continued to voluntarily dismiss/settle with several defendants. In any event, they are MOOT in light of the filing of the second amended motion for default judgment.

[3] High Point Asset Inc., Focus Financial Corp., Keon Roman, and Felicia Thomas are collectively referred to as "the High Point Defendants."

[4] Pinnacle Asset Group, LLC and Michael Mancome are collectively referred to as "the Pinnnacle Defendants."

McCoy, and (10) Lajarcis Gordon.[5]

Plaintiff served each of the ten remaining defendants and dismissed all others. Plaintiff has mailed copies of all docket entries to each remaining defendant, including Plaintiff's requests for Clerk's Entry of Default, see Docs. 35, 43, 50, and 68, as well as the Clerk's Entry of Default. See Docs. 37, 44, 52, and 69. Defendants have not answered or otherwise responded.

### B. Factual

As set forth in plaintiff's brief and exhibits,[6] plaintiff has received abusive and harassing calls by defendants. They have also called her family members, looking for her, disparaging her, and making threats about her. And even though the alleged debts do not belong to her, the toll of the debt collection efforts against her have materially and negatively impacted her life.

### C. Damages

Plaintiff seeks the following damages:

Statutory Damages
All Defendants, Statutory Damages - FDCPA                        $ 1,000.00

Actual Damages
High Point Defendants, Actual Damages - FDCPA                    $20,000.00
Collectors Group Defendants, Actual Damages - FDCPA              $20,000.00
Pinnacle Defendants, Actual Damages - FDCPA                      $10,000.00

Statutory Treble Damages

---

[5]Collectors Group, Consumer Financial Solutions, Michael McCoy, and Lajarcis Gordon are collectively referred to as "the Collectors Group Defendants."

[6]Plaintiff's exhibits include detailed call logs from plaintiff, her husband, and her daughter. They also include responses to subpoenas used to establish each defendant's identity and connection to the calls plaintiff and her family received.

| | |
|---|---|
| High Point Defendants, MOC - Treble Actual Damages | $60,000.00 |
| Collectors Group Defendants, MOC - Treble Actual Damages | $60,000.00 |
| Pinnacle Defendants, MOC - Treble Actual Damages | $30,000.00 |
| Subtotal | $ 201,000.00[2] |

### III. Legal Standard

A Party may obtain a default judgment where a Defendant fails to answer or otherwise defend the case. Fed. R. Civ. P. 55. Following entry of a Clerk's default, the moving Party must request entry of judgment. The Clerk may enter default judgment for a sum certain. However, the Plaintiff must move for entry of default judgment by the Court when she seeks an amount that cannot be determined from the complaint itself. Fed. R. Civ. P.55(b).

### IV. Analysis

#### A. In General

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The MOC governs the conduct of debt collection agencies and their agents and closely mirrors the FDCPA and provides for treble damages, and also attorney's fees & costs.

#### B. The High Point Defendants

Plaintiff's papers show that the High Point Defendants not only called plaintiff, her husband and her daughter to attempt to collect the alleged debt. Generally, a debt collector may call a third-party for the limited purpose of locating the debtor, only. They cannot enlist the debtor's third-party family members and friends to further the collection

4

efforts. 15 U.S.C. § 1692(b). Plaintiff has also shown that the High Point Defendants operated a common joint venture to collect debts from consumers through several websites, phone numbers, and entities and used their respective credit cards to pay for those various websites. Plaintiff's papers also show that the High Point Defendants called plaintiff repeatedly during the months of October and November 2015 to collect a debt – one she did not owe. They also called plaintiff's husband during the same time. The records show a total of nine (9) calls.

The High Point Defendants' actions violated 15 U.S.C. § 1692(d) and MOC §339.915(n). Considering she never owed any of the alleged debts, each call to her phone was unwanted, disruptive, annoying and in violation of the FDCPA and MOC, 15 U.S.C. § 1692(d), M.C.L. § 339.915(n).

### C. The Pinnacle Defendants

Plaintiff's papers show that Michael Mancone is the proprietor of a debt collection entity called Pinnacle Asset Group, LLC (Pinnacle). The Pinnacle Defendants collect debts from consumers through many phone numbers and a website, www.pinnacleassetgroupllc.com. The Pinnacle Defendants also employed debt collectors. The Pinnacle Defendants called plaintiff several times: January 30, 2015, March 19, 2015, April 20, 2015, April 24, 2015, April 29, 2015, and May 8, 2015. Each time the caller left a message, he said he was a debt collector and calling from Pinnacle. The Pinnacle Defendants never established the alleged debt belonged to plaintiff. But for five months, the Pinnacle Defendants called plaintiff. Every time the Pinnacle Defendants called her, the call was unwanted and violative of both Section 1692(d) of the FDCPA and Section 339.915(n) of the MOC – at least 5 phone calls.

5

D. The Collectors Group Defendants

Plaintiff's papers show that Sam Letizia, Michael McCoy, and Lajarcis Gordon operated a common joint venture to collect debts from consumers through several websites, phone numbers, and entities, including Collectors Group and Consumer Financial Solutions. They used at least two phone numbers to communicate with consumers, (855) 870-8966 and (888) 732-0174.

The Collectors Group Defendants called Mrs. Robertson at least 3 times on January 8, 2015, April 20, 2015, and June 10, 2015. They referred to the debt by reference number 146313946 and used multiple phone numbers. The Collectors Group Defendants never established the alleged debt belonged to plaintiff. However, for nearly 6 months and on at least 3 occasions, they called plaintiff to collect on the debt. Accordingly, each call was unwanted and violative of both Section 1692(d) of the FDCPA and Section 339.915(n) of the MOC – at least 3 phone calls. Further, the Collectors Group Defendants failed to identify themselves on every call. Rather, they would direct her to return their call and ask for the "legal department" or to refer only to an ambiguous reference number "146313946." As such, the Collectors Group actions also violated Section 1692(d)(6) by failing to meaningfully disclose their identity.

The Collectors Group Defendants also violated 15 U.S.C. § 1692(e) and MOC §§ 339.915(e) and 339.915(f). The FDCPA prohibits collectors from using false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692(e). The MOC's Sections 339.915(e) and 339.915(f) prohibit similar conduct. A debt collector is prohibited from making an "inaccurate, misleading, untrue, or deceptive statement" in connection with the collection of a debt.

6

M.C.L. § 339.915(e). And a debt collector may not misrepresent the legal status or rights of a creditor. M.C.L. § 339.915(f).

### E. All Defendants

Finally, all of the defendants violated 15 U.S.C. §§ 1692(f) and 1692(g), and MOC §339.918. The FDCPA also prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692(f). The statute goes on to require that each collector provide the consumer with a notice providing basic information about the debt and the consumer's rights. 15 U.S.C. § 1692(g). The MOC Section 339.918 parallels the FDCPA's notice provisions and requires a debt collector to send written notice detailing a debtor's rights "[w]ithin 5 days after the initial communication with a consumer in connection with a collection of a debt." M.C.L. § 339.918(1).

The High Point, Collectors Group, and Pinnacle Defendants all failed to send a written notice to plaintiff. Further, because plaintiff did not borrow or owe the alleged debts there was no agreement creating the debt in the first place. Accordingly, all of the defendants violated Sections 1692(f) and 1692(g) as well as MOC Section 339.918.

### F. Relief

As explained above and further detailed in plaintiff's motion, all of the defendants have engaged in willful violations of the FDCPA and MOC. They have also refused to answer the complaint. Accordingly, the a default judgment is appropriate against the High Point, Collectors Group, and Pinnacle Defendants.

"Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved." Vesligaj v. Peterson, 331 F.

App'x 351, 355 (6th Cir. 2009) (unpublished) (quoting Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995)). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

As noted above, plaintiff requests damages in the following amounts:

| | |
|---|---|
| High Point Defendants | $80,250.00 |
| Collectors Group Defendants | $80,250.00 |
| Pinnacle Defendants | $40,250.00 |
| Subtotal | $201,000.00 |

Based on all of the above, the Court is satisfied that plaintiff has met her burden of establishing her right to damages and the amount of the damages.

The Court notes that other courts in this district, including the undersigned, have awarded similar amounts in substantially analogous FDCPA cases via default judgments. See Bysouth v Security Credit Solutions, LLC11, et. al., Case No. 16-cv-10519 (E.D. Mich.) Awarded $116,000, plus interest, costs, and attorney's fees); Green v. Nationwide Arbitration Services, LLC12, et. al., Case No. 14-cv-14280 (E.D. Mich.) (Awarded $105,000, plus interest, costs, and attorney's fees); Zontini v. Merchants Recovery Services, Inc., et. al., Case No. 12-cv-14912 (E.D. Mich.) (Awarded $107,080); Bryant v. Meade & Associates, Inc., et. al., Case No. 2:15-cv-10199 (E.D. Mich.) (Awarded $101,000).

V. Conclusion

For the reasons stated above, plaintiff's motion is GRANTED. Plaintiff shall submit a proposed judgment in accordance with this order.

Plaintiff's counsel shall separately file a motion for reasonable attorney fees within the appropriate time.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 6/3/2019
      Detroit, Michigan