UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBIN ROBERTSON,

    Plaintiff,

v.                                                Case No. 15-13446

PINNACLE ASSET GROUP, LLC.,          HON. AVERN COHN

    Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND NON-TAXABLE COSTS (Doc. 96)

I. Introduction

This is a case under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692. In 2015, plaintiff sued multiple defendants claiming violations of the FDCPA and Michigan's Occupational Code (MOC), M.C.L. §§339.915. Due to difficulties in serving many of the defendants, summons were extended. Eventually, plaintiff dismissed all but ten (10) defendants either voluntarily or by settlement. All of the 10 defendants were served. None responded. The Clerk entered defaults against each of the 10 defendants. Eventually, plaintiff filed a second amended motion for entry of a default judgment. (Doc. 89). Plaintiff sought a default judgment in the amount of $201,000.00. The Court granted the motion (Doc. 92) and entered a Judgment (Doc. 93).

Before the Court is plaintiff's motion for attorney fees and no-taxable costs.[1] In

---

[1] The Clerk recently taxed costs in the amount of $1,415.56. (Doc. 98)

the motion, which is unopposed, plaintiff seeks $29,832.50 in attorney fees and $739.82 in non-taxable costs. (Doc. 96). For the reasons that follow, the motion will be granted.

## II. Legal Standard

The FDCPA provides for a mandatory award of attorney's fees to a prevailing consumer, Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995). These mandatory fees reflect Congress's intent that the Act be enforced by debtor's counsel acting as private attorneys general. See DeJesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 235 (1st Cir. 1990).

At the same time, fee awards should encourage counsel to undertake these types of cases and provide compensation which is commensurate with other types of cases. Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993). In so doing, courts generally apply the lodestar method in conjunction with a request for fees, see e.g., Cruz v. Local Union No. 3, 34 F.3d 1148, 1159 (2d Cir. 1994); see Savino v. Computer Credit, Inc., 164 F.3d 81, 87-88 (2d Cir. 1998). Courts have also observed that "FDCPA plaintiffs 'seek to vindicate important rights that cannot be valued solely in monetary terms.'" Bogner v. Masari Investments, LLC, 2010 WL 2595273, (D. Az. 2010) The mandated payment of attorney's fees under the FDCPA serves a punitive purpose. Sanders v. Jackson, 209 F.3d 998, 1004 (7th Cir. 2000).

The starting point for this calculation of a reasonable attorney's fees award "should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his [or her] court-ascertained reasonable hourly rate." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000)(citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

A calculation of the number of hours reasonably expended can involve consideration of three issues, (1) whether the lawyer actually worked the number of hours claimed, (2) whether the work performed was sufficiently related to the points on which the plaintiff prevailed, and (3) whether the attorney used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel. <u>See</u> <u>Coulter v. State of Tennessee</u>, 805 F.2d 146, 150-51 (6th Cir. 1986). The party seeking an award of fees bears the burden of demonstrating that the request is reasonable. <u>See Wooldridge v. Marlene Indus. Corp</u>., 898 F.2d 1169, 1176 (6th Cir. 1990). To determine a reasonable hourly rate for attorney's fees, the courts look to the prevailing market rate for similar services of local attorneys with comparable skill, experience, and reputation. Missouri v. Jenkins, 491 U.S. 274, 285-86 (1989).

### III. Discussion

Here, Attorney Bolos and the rest of the Lyngklip & Associates staff have expended over 264 hours to resolve this case. The billing records attached to the motion provide a chronological listing of those hours, identifying the staff member who expended the time and the amount of time expended. The Court finds after review that the work performed was necessary, reasonably related to the file, directed at moving the matter through the legal system expeditiously.

Of the 264 hours billed, across ten staff members, 75 hours were billed by four paralegals, 14 hours were billed by one summer law clerk, nearly 6.8 hours were billed by Senior Attorney Lyngklip, and 167.80 hours were billed by four associate attorneys, including Attorney Bolos. Bolos billed 127.90 of those hours, constituting nearly 80% of all time billed by attorneys and 48% of all time billed across all staff members. Bolos

has reduced her total billing time by 66.30 hours, a 52% reduction in her time billed. Additionally, of the total hours billed of 264.10 hours, plaintiff identified 140.05 hours attributable to dismissed defendants, duplication of efforts, and unnecessary work and accordingly reduced the requested billable time by 140.05 hours to 124.05 hours – netting a 53% reduction of the time billed. (Exhibit 9 – Adjusted Billing Records). Plaintiff's discretionary billing amounted to a reduction in the amount billed from $63,955.00 to $29,832.50. Plaintiff's billing reduction reflects appropriate billing discretion and provides a reasonable check on the overall amount of this petition. In short, plaintiff is entitled to the requested amount of attorney fees.

In addition to attorney fees, plaintiff is entitled to an award of "non-taxable" costs. See Bryant v. City of Chicago, 200 F.3d 1092, 1100 n. 3 (7th Cir. 2000); Save Our Cumberland Mountains, Inc. v. Hodel, 826 F.2d 43, 54 (D.C. Cir. 1987) ("We believe that it would be unduly restrictive to find that neither the general term 'costs of litigation' nor the term 'attorney's fees' includes incidental expenses of attorneys that are routine to all litigation and routinely billed to private clients."). Non-taxable costs include time for paralegals and staff. Missouri v. Jenkins, 491 U.S. 274 (1989), as well as travel and other ordinary expenses that "are typically charged to paying clients by private attorneys." Davis v. City of San Francisco, 976 F.2d 1536, 1556 (9th Cir.1992).

Here, to identify and locate the defendants, plaintiff's counsel sought account holder information for the phone numbers, websites, and PO Box addresses at issue from several third parties. To secure production in response to her requests and related directly to these ten remaining defendants, plaintiff's counsel expended $739.82. This cost is reasonable and will be awarded.

4

IV.  Conclusion

For the reasons stated above, plaintiff's motion is GRANTED.  Plaintiff is awarded $29,832.50 in attorney fees and $739.82 in non-taxable costs.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 8/16/2019
   Detroit, Michigan